This meeting was held at Columbus, Tuesday of this week, in the rooms of the Supreme Court. Each of the nine Districts of the State was represented by one of its Judges, and some by the entire court, twenty of the twenty-seven jurists being present. They were genial as usual, business was talked over and the meeting was interesting and enjoyed by all. The distinguished Judge, John J. Sullivan of Cleveland, well known to the Ohio Bar both as an attorney and jurist, was elected Chief Justice. It marked the 40th Anniversary of his admission to the Bar. Judge Wade Cushing of Cincinnati retired from the office, as it is the practice to make a change in the presiding officer each year. Judge Lewis B. Houck of Mt. Vernon was reelected Secretary. His capable and efficient services in that position for many years, have made him considered by his associates, a fixture in that position. The new officers will begin their terms January 1, 1928.

### OHIO SUPREME COURT AT WORK.

The Judges of the Ohio Supreme Court will again be on the Bench next week, beginning on Tuesday, and it will be but a short time before its report of cases heard and decided will begin to be available for publication. The Abstract will contain full and prompt information of these proceedings, so that the decisions can be utilized to the greatest and most efficient extent by our readers.

---

### No. 712

### BEREA, (Vil.) et v. WIECZORAK.

. Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7517. Decided June 13, 1927.

225. CHARGE OF COURT—753. Measure of Damages—Not prejudical error for court to charge that measure of damages was difference between value of property before injury and value of property after injury where damage was to building only, and verdict was for amount less than that required to put building in former condition.

2. Owner of property can collect for damages to building although real estate would be worth more if building were entirely removed.

Error to Common Pleas.
Judgment affirmed.

First Publication of this Opinion.

VICKERY, J.

The cause of action arose out of damages that were claimed to have been suffered by Wieczorak in connection with blasting for the purpose of constructing a sewer. The sewer was being constructed by the Langenhan Construction Company who had been employed, by the Village of Berea, to do this work.

It is claimed that the court adopted a wrong rule of damages in applying the law of damages in this case.

We have gone over this record and do not think that the errors complained of are at all prejudicial, even if they were erroneous. The error is nothing more than technical.

The court laid down the rule that the measure of damages was the difference between the value of the property before the injury and the value of the property, meaning the building, after the injury. It is argued that this must refer to the whole property; that the whole property consisted of real estate, the land and the buildings upon it; that submitting the question of the value of damages to the building alone was not proper, because, as is argued, the whole property might be more valuable if the building was not on it, or if the house had been totally destroyed, the land might be more valuable than it was with the building upon it. The conclusion of such an argument would be that no matter how useful that property was to the plaintiff below, no matter that he used it for his home and his business, that if the property would be more valuable for some other purpose if the house were taken off that therefore he would not be damaged any. We do not think that conclusion follows at all. It was this man's home. He had the right to live in that place, and while it did not interfere with the value of the land, it certainly was in the nature of a trespass, although the destruction of the building might not interfere with the value of the land, and we do not think the jury could have been misled by the manner in which this was submitted.

To restore the building as it was before the accident occured, would cost somewhere in the neighborhood of $2,500 to $3,000. The jury brought in a verdict for $1,900 only, and clearly the jury had in mind what any common sense men would have in mind, that the damage that was talked about was the damage to this building on the lot, and that the value of the land had nothing to do with it, and they brought in a verdict which was smaller than they might have brought under the evidence, and while they did not say so in so many words, that that was the cost of restoring this building to what it was before the injury, yet it is plainly deductible from the record that that is what they had in mind.

Judgment affirmed.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—White, Hammond, Brewer & Curtiss for Village; Maurer, Bolton & McGiffin for Wieczorak; all of Cleveland.

---

## Monthly Table of
# RE-REPORTED OPINIONS

ALBRIGHT, et v. ALBRIGHT, et. OS. 5 Abs. 349, (5-28-27) (Rep. 8-29-27) 116 OS. 643.

ALLEN v. STATE. OA. 4 Abs. 330, (5-29-26) (Rep. 8-22-27) 24 Ohio App. 142.

BAKER, et v. ALEXANDER, et. OA. 4 Abs. 583, (9-4-26) (Rep. 8-1-27) 24 Ohio App. 83.

B. & O. RD. Co. v. HECK. OS. 5 Abs. 421, (6-25-27) (Rep. 8-1-27) 116 OS. 547.

BAY (Vil.) v. U. S. FID. & GUAR. CO. OS. 4 Abs. 459, (7-10-26) (Rep. 8-22-27) 24 Ohio App. 135.

BETTMAN, et v. KUERZE. Dock. 5 Abs. 269, (4-23-27) mo. to dis. sust. 5 Abs. 419, (6-25-27) (Rep. 8-1-27) 116 OS. 545.

BRENNER, et v. SPIEGLE. OA. 5 Abs. 116, (2-26-27) dock. 5 Abs. 73, (2-5-27) mo. to cer. all. 5 Abs. 122, (2-26-27) rev. 5 Abs. 379, (6-11-27) OS. 5 Abs. 380, (6-11-27) (Rep. 8-15-27) 116 Ohio St. 583.

CHRISTMAN v. COLEMAN. Dock. 5 Abs. 105, (2-19-17) OS.P. 5 Abs. 252, (4-16-27) Rev. 5 Abs. 399, (6-18-27) OS P. 5 Abs. 404, (6-18-27) (Rep. 8-8-27) 116 OS. 564.

COMMONWEALTH CAS. CO. v. SPOHN. OS.P. 4 Abs. 179, (3-26-27) (Rep. 8-29-27) 24 Ohio App. 159.

FOURTH & CENT. TR. CO. v. JOHNSON. OA. 5 Abs. 357, (6-4-27) OS.P. 5 Abs. 141, (3-5-27) mo. cer. ov. 5 Abs. 155, (3-12-27) (Rep. 8-29-27) 24 Ohio App. 153.

HOILES v. WATKINS, et. Dock. 5 Abs. 170, (3-19-27) mo. cer. all. 5 Abs. 253, (4-16-27) Rev. 5 Abs. 419, (6-25-27) OS. 5 Abs. 423, (6-25-27) (Rep. 8-15-27) 116 OS. 595.

HORWITZ, et v. MURRI. OA. 5 Abs. 134, (3-5-27) (Rep. 8-22-27) 24 Ohio App. 146.

INDUSTRIAL COMM. v. JASIONOWSKI. OA. 4 Abs. 520, (8-6-27) OA. 5 Abs. 151, (3-12-27) dock. 5 Abs. 27, (1-15-27) mo. cer. ov. 5 Abs. 74, (2-5-27) (Rep. 8-15-27) 24 Ohio App. 124.

JOHNSON v. PUB. UTIL. COM. Dock. 5 Abs. 188, (3-26-27) ord. aff. 5 Abs. 379, (6-11-27) (Rep. 8-15-27) 116 OS. 598.

KONIGSBERG v. LAMPORTS CO. Dock. 4 Abs. 805, (12-4-26) OS.P. 5 Abs. 62, (1-29-27) mo. cer. a'l. 5 Abs. 60, (1-29-27) Rev. 5 Abs. 360, (6-4-27) (Rep. 8-1-27) 116 OS. 50.

KOSIENSKI v. STATE. OA. 5 Abs. 72, (2-5-27) (Rep. 8-29-27) 24 Ohio App. 173.

LANE v. INDUST. COM. OA. 5 Abs. 322, (5-21-27) (Rep. 8-8-27) 24 Ohio App. 103.

MASON T. & R. CO. v. CUMMINS-BLAIR CO. OA. 5 Abs. 264, (4-23-27) dock. 4 Abs. 710, (10-23-26) mod. and aff. 5 Abs. 315, (5-14-27) (Rep. 8-1-27) 116 OS. 517.

McMURRAY v. VAUGHN'S SEED STORE. OA. 5 Abs. 51, (1-29-27) dock. 5 Abs. 73, (2-5-27) mo. cer. all. 5 Abs. 139, (3-5-27) aff. 5 Abs. 418, (6-25-27) OS. 5 Abs. 421, (6-25-27) (Rep. 8-22-27) 116 OS. 615.

NAFTZGER, et v. STATE. OA. 5 Abs. 326, (5-21-27) (Rep. 8-1-27) 24 Ohio App. 98.

NETZEL v. TODD. OA. 5 Abs. 101, (2-19-27) dock. 5 Abs. 73, (2-5-27) mo. cer. ov. 5 Abs. 199, (4-2-27) (Rep. 8-29-27) 24 Ohio App. 165.

PARR, et v. STATE. Dock. 5 Abs. 170, (3-19-27) aff. 5 Abs. 399, (6-18-27) (Rep. 8-15-26) 116 OS. 611.

PECK, Tee. v. CHATFIELD. Dock. 5 Abs. 90, (2-12-27) OS.P. 5 Abs. 140, (3-5-27) mo. cer. ov. 5 Abs. 154, (3-12-27) (Rep. 8-15-27) 24 Ohio App. 129.

SCIOTO VALLEY RY. & P. CO. v. PUB. UTIL. COM. Dock. 5 Abs. 188, (3-26-27) rev. in pt. and aff. in pt. 5 Abs. 399, (6-18-27) (Rep. 8-15-27) 116 OS. 590.

SEITZ v. OHIO STATE MEDICAL BD. Dock. 5 Abs. 90, (2-12-27) OS.P. 5 Abs. 140, (3-5-27) mo. cer. ov. 5 Abs. 154, (3-12-27) (Rep. 8-8-27) 24 Ohio App. 115.

SHANNON v. UNIVERSAL MORTG. & DIS. CO. Dock. 5 Abs. 27, (8-15-27) aff. 5 Abs. 361, (6-4-27) OS. 5 Abs. 366, (6-4-27) (Rep. 8-8-27) 116 OS. 553.

SHEMONIA v. VERDA. OA. 5 Abs. 310, (5-14-27) (Rep. 8-29-27) 24 Ohio App. 169.

SOUTHERN SURETY CO. v. SCHMIDT, et. OA. 4 Abs. 810, (12-11-20) dock. 5 Abs. 43, (1-22-27) mo. cer. all. 5 Abs. 106, (2-19-27) Rev. 5 Abs. 399, (6-18-27) OS. 5 Abs. 401, (6-18-27) (Rep. 8-1-27) 116 OS. 534.

STANIFORTH v. STATE. OA. 5 Abs. 242, (4-16-27) (Rep. 8-15-27) 24 Ohio App. 121.

STATE ex INS. COMPANIES v. CONN. Dock. 4 Abs. 338, (5-29-26) writ. den. 5 Abs. 418, (6-25-27) OS. 5 Abs. 45, (1-22-27) OS. 5 Abs. 420, (6-25-27) dem. ov. 5 Abs. 106, (2-19-27) (Rep. 8-22-27) 116 OS. 624.

STATE ex v. TRUAX, Sec. OA. 4 Abs. 781, (11-27-26) dock. 5 Abs. 188, (3-26-27) writ. den. 5 Abs. 399, (6-18-27) OS. 5 Abs. 402, (6-18-27) (Rep. 8-29-27) 116 OS. 636.

THOMAS (Warden) v. MILLS. Dock. 5 Abs. 198, (4-2-27) aff. 5 Abs. 399, (6-18-27) OS. 5 Abs. 401, (6-18-27) (Rep. 8-8-27) 116 OS. 573.

ZIMMERMAN v. 2nd NAT. BK. of BUCYRUS. OA. 4 Abs. 514, (8-7-26) (Rep. 8-1-27) 24 Ohio App. 92.

---

# TABLE OF CASES
## REPORTED IN THIS ISSUE

*Ashdown, Admx. v. Tresise, OA. 5 Abs. 623.

Aymar v. Sligh, OA. 5 Abs. 624.

Berea (Vil.) v. Wieczorak, OA. 5 Abs. 635.

Brookins v. Nat. Refining Co., OA. 5 Abs. 628.

Drake v. State, OA. 5 Abs. 632.

Grzezinski v. Pruss, OA. 5 Abs. 627.

Lingham v. Ohio Cash Register Co., OA. 5 Abs. 626.

Manchester v. Adele Rlty. Co., OA. 5 Abs. 630.

Marker v. Standard Motor Car Co., OA. 5 Abs. 631.

*Ready v. Ready, OA. 5 Abs. 629.

Sand v. Indust. Comm. OA. 5 Abs. 625.

Sillito v. Mayer, OA. 5 Abs. 626.

Wagner v. Crowe, OA. 5 Abs. 627.

*Pending in Supreme Court.